# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY R. McGUIRE,<br><br>         Petitioner,<br><br>v.<br><br>JULIE JONES, Secretary of the Florida Department of Corrections, and PAM BONDI, Florida Attorney General,<br><br>         Respondents. | Case No.: 17-cv-2260-BAS-BLM<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

  Petitioner, a Florida state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with an application to proceed in forma pauperis, challenging his Florida state conviction. (ECF Nos. 1, 2.) Petitioner states that he has already filed a 28 U.S.C. §2254 habeas petition challenging his Florida state conviction in the United States District Court for the Middle District of Florida, which was denied, that he unsuccessfully appealed that decision to the United States Court of Appeals for the Eleventh Circuit, and thereafter unsuccessfully sought a writ of certiorari in the United States Supreme Court. (ECF No. 1-8.) This action is subject to dismissal without prejudice because the Court lacks jurisdiction to consider the Petition.

  Because Petitioner is not confined within the jurisdiction of the Southern District of

California and was not convicted by any court located in the Southern District of California, this Court lacks jurisdiction over his 28 U.S.C. §2254 habeas petition. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*." (emphasis added)); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497-500 (1973) (recognizing that §2241(a) requires a state prisoner to be in custody within, or either convicted or subject to a detainer within, the jurisdictional boundaries of the Federal District in which he seeks §2254 relief).

## CONCLUSION AND ORDER

Based on the foregoing, the Court **DISMISSES** this action with prejudice for lack of jurisdiction. The Court **TERMINATES AS MOOT** Petitioner's motion to proceed *in forma pauperis*. (ECF No. 2.)

**IT IS SO ORDERED.**

DATED: November 8, 2017

Hon. Cynthia Bashant
United States District Judge